BERRIGAN, District Judge,
concurring in part and dissenting in part:
I join the majority in affirming the grant of summary judgment on the professional negligence claim and in affirming the denial of summary judgment on the estoppel issue. I also join the majority in finding that the jury was given an erroneous instruction regarding “materiality” as to the securities fraud claims, necessitating a new trial on these claims. I disagree with the majority in one respect. I think that the jury’s verdict on the civil conspiracy claim should be upheld.
“If there is an evidentiary basis upon which the verdict can be supported, the jury’s determinations will be left undisturbed, even where there is substantial contradictory evidence that could have supported an opposite verdict.” Gibraltar Savings v. LDBrinkman Corp., 860 F.2d 1275, 1297 (5th Cir.1988), cert. denied, 490 U.S. 1091, 109 S.Ct. 2432, 104 L.Ed.2d 988 (1989). The record reflects that the only fraud claimed by the plaintiffs and subjected to proof at trial still supports the finding of civil conspiracy even though it occurred at a time which would have made it “immaterial” for purposes of the erroneous securities jury charge.
The majority acknowledges that the verdict on civil conspiracy derived from a jury instruction which has been widely approved. The jury cannot be misled by a charge which so accurately summarizes the prevailing jurisprudence. Because civil conspiracy is a distinct claim which does not require materiality, the jury was able to consider the “unlawful acts” which were the entire focus of the five-week trial. The necessary retrial of the securities claims should not mandate retrial of the civil conspiracy claim. With the civil conspiracy claim left undisturbed, the jury’s in pari delicto finding would also be maintained.